IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

VINCENT GRAHAM,

Petitioner,

v.                                  Case No. GJH-16-2578

WARDEN STEWART,

Respondent.

## MEMORANDUM OPINION

In response to the above-entitled Petition for Writ of Habeas Corpus, Respondent moves to dismiss or, in the alternative, for summary judgment. ECF No. 4. Petitioner opposes the motion, ECF No. 6, and moves for leave to file a surreply, ECF No. 10.[1] For the reasons that follow, Respondent's motion, construed as a motion to dismiss, shall be granted, the petition shall be dismissed, and a certificate of appealability shall not issue.

## I. BACKGROUND

Petitioner Vincent Graham, an inmate confined to the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at Federal Correctional Institution Cumberland ("FCI-Cumberland"), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the validity of a disciplinary hearing finding him guilty of fighting with another

---

[1] Unless otherwise ordered by the Court, a surreply is not permitted. See Local Rule 105.2(a) (D. Md. 2016). A surreply is permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply brief. See Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Respondent in the instant case has not raised new matters for the first time in its Reply in support of Respondent's Motion to Dismiss or, in the alterative, Motion for Summary Judgment, ECF No. 8; therefore, the Motion to File a Surreply, ECF No. 10, shall be denied.

inmate while incarcerated at Allenwood Low Security Institution. ECF No. 1 at 8.[2] Graham alleges that he was not in a physical altercation; rather he was the victim of an assault. *Id.* As relief, Graham seeks reversal of the guilty verdict and removal of the incident from his prison file. ECF No. 1 at 9.

On July 28, 2015, Graham received Incident Report No. 2757654 charging him with violating Disciplinary Code 201, "Fighting With Another Person." ECF No. 4-2.[3] The Incident Report states that at approximately 12:30 p.m., inmate "A" struck Graham in the left eye with a closed fist.[4] *Id.* at 1. Inmate A then exited the shower room and entered his assigned cell. *Id.* Graham allegedly followed inmate A and attempted to enter inmate A's cubicle. *Id.* Inmate A charged out of the cubicle and both inmates exchanged punches in the hallway. *Id.* Finally, the incident report provides that a review of video footage demonstrated both Graham and inmate A were involved in a physical altercation. *Id.*

On September 9, 2015, a Unit Disciplinary Committee ("UDC") hearing was conducted. The UDC referred the charge to the Discipline Hearing Officer ("DHO") based on the severity of the incident. ECF No. 4-3. Graham received a copy of his rights, which he read and signed. ECF No. 4-4. He did not request any witnesses. ECF No. 4-3. Graham indicated that he wished to have Case Manager Cassel serve as his staff representative. ECF Nos. 4-3 and 4-5. Cassel read and acknowledged his duties as a staff representative on September 10, 2015. *Id.*

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[3] The following discussion provides a review of the findings made during Graham's disciplinary proceedings to which Graham is challenging. The discussion was taken from exhibits provided by the Respondent and aligns with Graham's characterization of the event as set forth in his complaint, ECF No. 1.

[4] The identity of the inmate involved in the altercation with Graham is redacted in the disciplinary record provided to the Court.

2

On September 24, 2015, DHO Todd Cerney conducted a hearing on Incident Report No. 2757654. ECF No. 4-6. After considering the statements of the reporting officer, the video footage, and Graham's statements, DHO Cerney found that the greater weight of the evidence supported the conclusion that Graham was guilty of violating Disciplinary Code 201. ECF No. 4-6.

Graham raises two principal issues with his disciplinary action. First, Graham alleges that the incident report named the wrong inmate involved in the altercation with him. ECF No. 1 at 8. According to Graham, the altercation occurred on Brady A Unit, and the individual involved was housed on Brady A Unit. However, according to Graham, the individual named in the incident report was housed on Brady B Unit and is not the same individual that appears in the video footage reviewed during the disciplinary proceeding. *Id.* Second, Graham states that on July 29, 2015, one day after the altercation, he was approached by Special Investigative Supervisor ("SIS") Matthews who told him that he was advised of the altercation by an informant, would draft an incident report but not process it, and would transfer Graham to another housing unit. *Id.* However, SIS Matthews later informed Graham that review of the video footage indicated that Graham did in fact engage in a physical confrontation but that "given the circumstances, he elected not to charge [Graham] with providing a false statement." *Id.* Graham asserts that he did not provide SIS Matthews with a statement following the altercation. ECF No. 1 at 8.

II. **STANDARD OF REVIEW**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of a plaintiff's complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 484 (4th Cir. 2006). When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true, and . . . construe the facts and reasonable inferences derived

3

therefrom in the light most favorable to the plaintiff." *Ibarra v. U.S.*, 120 F.3d 472, 474 (4th Cir. 1997). Although a pleading called into question by Rule 12(b)(6) does not need to provide "detailed factual allegations," something "more than labels and conclusions" is required, and there must be factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a pleading must contain "enough factual matter (taken as true) to suggest" the viability of the plaintiff's claims. *Id.* at 556. Where "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also, Francis v. Giacomelli*, 558 F.3d 186, 193 (4th Cir. 2009) ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief.") (internal quotations omitted).

Pro se complaints such as Graham's must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but it has not shown---that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotations omitted).

When considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Thus, on a motion to dismiss for failure to state a claim upon which relief

4

could be granted, courts may consider documents referenced in the complaint even if those documents are not physically attached to the complaint. *See, e.g., HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 502 (D. Md. 1999).[5]

III. **DISCUSSION**

Prisoners retain rights under the Fourteenth Amendment's Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution, and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-66, 592. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504–05 (4th Cir. 2004). As long as the hearing officer's decision contains

---

[5] Respondent provided the documents that, collectively, characterize the disciplinary action at the center of Graham's Petition for Writ of Habeas Corpus. *See* Incident Report No. 2757654, ECF No. 4-2, Notice of Disciplinary Hearing Before the DHO, ECF No. 4-3, Inmate Rights at Discipline Hearing signed by Graham, ECF No. 4-4, Duties of Staff Representative signed by M. Cassel for representation of Graham, ECF No. 4-5, DHO Report for Incident No. 2757654, ECF No. 4-6 (collectively "Disciplinary Hearing Record"). While not provided by Graham directly, Graham's complaint makes reference to the information contained in these documents, ECF No. 1 at 8, and the Court therefore assumes that these documents are incorporated by reference. As a result, the Court is not considering any extraneous documents outside of the complaint and does not construe Respondent's motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (if a court considers documents attached to a motion to dismiss that are not incorporated by reference into the complaint, "the motion must be treated as one for summary judgment under Rule 56"); *see also Goldfarb v. Mayor and City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (a court may properly take judicial notice of information that constitute adjudicative facts).

a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 322, n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

The Inmate Disciplinary Process is codified in 20 C.F.R. Part 541 pursuant to the authority delegated by Congress to the Bureau of Prisons in 18 U.S.C. § 4042.[6] Graham does not allege that Respondent failed to adhere to these established rules, and the Disciplinary Hearing Records shows that Graham received the due process protections required by *Wolff*. Graham's assertions, taken as true, do not suggest that Respondent denied him of these protections. The fact that the wrong inmate was named as Graham's assailant in the incident report does not serve to exonerate him from the charges asserted. Further, regardless of any initial statement by SIS Matthews that an incident report would not be processed, Graham received advanced written notice of the charges before him on September 4, 2015 as well as an explanation from SIS Matthews as to why the incident report was processed. ECF No. 1 at 8. The DHO's decision was supported by evidence, even when excluding any written statement or testimony provided by SIS Matthews, and satisfied the constitutional standard for disciplinary proceedings. Therefore, Graham fails to show he is entitled to any relief.

---

[6] Respondent provides a detailed overview of the Part 541 rules and associated hearing process in its motion *See* ECF No. 4 at 2–4.

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2).

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, ECF No. 4, shall be granted. A separate Order follows.

Dated: September 7, 2017

GEORGE J. HAZEL
United States District Judge